<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONG CAI,<br><br>      Plaintiff,<br><br>      v.<br><br>MONMOUTH COUNTY CORRECTIONAL INSTITUTION, et al.,<br><br>      Defendants. | Civil Action No. 14-81 (JAP)<br><br><br>**MEMORANDUM OPINION** |

**APPEARANCES**:

    Dong Cai
    242 East 2nd Street, Apt. 5A
    New York, New York 10009
    Plaintiff Pro Se

<u>**PISANO, District Judge**</u>:

1. This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without payment will be granted. As set forth below, the Complaint will be dismissed.

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. At the time of filing the Complaint, Plaintiff was incarcerated at Monmouth County Correctional Facility. He asserts facts which appear to be in support of an argument that he was subjected to unconstitutional conditions of confinement while he was incarcerated at Monmouth County Correctional Institute. He further alleges that he was hit by another inmate while incarcerated. He states that he told a sergeant that he wanted to sue the inmate

but that the sergeant did nothing. Plaintiff requests monetary damages as relief.

3. Additionally, Plaintiff asserts a claim related to his ongoing incarceration, which was previously been addressed by this Court in the matter of *Cai v. Elwood*, Civil No. 13-1982 (JAP). The Court notes that Plaintiff has since been released from incarceration. The claims related to his previous incarceration related to removal proceedings are improperly filed here as a civil complaint. Those claims were more properly brought in Plaintiff's section 2241 habeas petition, *Cai v. Elwood*, Civil No. 13-1982 (JAP), which was dismissed because Petitioner was released from custody.

4. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity. The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

5. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief," and will be dismissed. *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts.") (emphasis supplied). The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

6. As to Plaintiff's claims related to the conditions of confinement at Monmouth County Correctional Facility, he has not pled sufficiently to establish a cause of action.

7. The Eighth Amendment requires prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). These minimal civilized measures of life's necessities include food, clothing, shelter, sanitation, medical care and personal safety. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (citations omitted). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Thus, "'the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting

*Farmer*, 511 U.S. at 837).

8. Here, Plaintiff has failed to plead deliberate indifference on behalf of a prison official with respect to his conditions of confinement claim sufficient to allow the claim to proceed.

9. To the extent that Plaintiff also wishes to assert a failure to protect claim related to the attack by another inmate, Plaintiff has failed to establish grounds sufficient to sustain the matter.

10. Under the Eighth Amendment, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

11. To successfully state a claim for failure to protect, Plaintiff must allege facts showing (1) he is "incarcerated under conditions posing a substantial risk of harm"; and (2) the prison official has a "sufficiently culpable state of mind" that amounts to "deliberate indifference to inmate health or safety." *See Farmer*, 511 U.S. at 834, 837, cited in *Bistrian v. Levi*, 696 F .3d 352, 367 (3d Cir.2012). To determine whether officials operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's well-being. *Farmer*, 511 U.S. at 840–44; *Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir.1997). Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." *Farmer*, 511 U.S. at 837; *Wallace v. Doe*, 512 F. App'x 141, 144 (3d Cir.2013). "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers–Capitol v. Whetzel*, 256 F.3d 120, 133 (3d

Cir.2001); *Jones v. Day*, Civil No. 03–1585, 2007 WL 30195, *3 (W.D.Pa. Jan. 4, 2007) ("[i]t is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known"). *See also Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir.2005).

12. Here, the factual allegations in the Complaint fail to state a claim because Plaintiff has not shown deliberate indifference. Accordingly, this action is dismissed for failure to state a cognizable claim for relief under § 1983.

13. Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO**, U.S.D.J.**

DATED: September 15, 2014